IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN ARDELL WRIGHT | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0518-M |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Marvin Ardell Wright, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner was convicted of retaliation and sentenced to 20 years confinement. His conviction and sentence were affirmed on direct appeal. *Wright v. State*, 1999 WL 494112 (Tex. App.--Dallas, Jul. 14, 1999, no pet). Petitioner also filed two applications for state post-conviction relief. The first application was denied without written order. *Ex parte Wright*, No. 35,635-02 (Tex. Crim. App. Oct. 3, 2001). The second application was dismissed as successive. *Ex parte Wright*, No. 35,635-03 (Tex. Crim. App. Dec. 15, 2004). Petitioner then filed this action in federal court.

II.

In multiple grounds for relief, petitioner contends that he is actually innocent and his conviction was the result of a criminal conspiracy and prosecutorial misconduct.

By order dated April 21, 2005, the court *sua sponte* questioned whether this case was time-barred and invited petitioner to address the limitations issue in a written reply. Petitioner filed a reply on May 20, 2004. The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1494 (1999), *cert. denied*, 119 S.Ct. 1474 (1999).

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

B.

Petitioner was sentenced to 20 years confinement for retaliation. The court of appeals affirmed his conviction on July 14, 1999. Petitioner did not seek further review in the Texas Court of Criminal Appeals. Therefore, his conviction became final 30 days thereafter, or on August 16, 1999.[2] TEX. R. APP. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing). *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner filed two applications for state post-conviction relief. The first application was filed on June 27, 2001 and denied on October 3, 2001. The second application was filed on September 1, 2004 and dismissed on December 15, 2004. Petitioner filed the instant case on March 10, 2005.

The limitations period started to run on August 16, 1999, when petitioner's conviction became final. *See* 28 U.S.C. § 2254(d)(1)(A). Yet petitioner waited more than *five years* before presenting his actual innocence, criminal conspiracy, and prosecutorial misconduct claims to the state court in a successive writ of habeas corpus. In an attempt to excuse this delay, petitioner argues that he was not represented by counsel in post-conviction proceedings, he had limited access to the prison law library, he was unfamiliar with the AEDPA statute of limitations,[3] and he did not

---

[2] The 30th day after petitioner's conviction was affirmed fell on Saturday, August 14, 1999. As a result, petitioner had until Monday, August 16, 1999, to file a petition for discretionary review. *See* TEX. R. APP. P. 4.1(a).

[3] The court recognizes that statutory tolling may be justified where a prisoner is ignorant of the statute of limitations governing federal habeas proceedings and is unable to obtain a copy of the AEDPA from prison authorities. In that limited circumstance, the inability to obtain research materials may constitute a state-created impediment under 28 U.S.C. § 2244(d)(1)(B). *Egerton v. Cockrell*, 334 F.3d 433, 437 (5th Cir. 2003). Such is not the case here. Petitioner does not allege, much less prove, that he was unable to obtain the AEDPA from prison officials. Rather, he complains that neither his "trial counsel nor his appeal counsel informed him of the procedure of the [AEDPA]." (Pet. Reply at 3). There is no basis for statutory or equitable tolling under these circumstances. *See Warner v. Dretke*, 2004 WL 942394 at *2 (N.D. Tex. Apr. 30, 2004), *rec. adopted*, 2004 WL 1170511 (N.D. Tex. May 25, 2004).

receive his trial transcripts until 2001. None of these reasons constitutes "rare and exceptional" circumstances sufficient to toll the AEDPA statute of limitations. *See, e.g. Scott v. Johnson*, 227 F.3d 260, 263 & N.3 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1498 (2001) (inability to obtain research materials does not warrant equitable tolling); *Felder*, 204 F.3d at 172-73 (ignorance of law and *pro se* status held insufficient to toll limitations); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S.Ct. 504 (1999) (lack of representation does not merit equitable tolling).

Nor is equitable tolling permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the statute of limitations. *See Felder*, 204 F.3d at 171; *Mason v. Cockrell*, 2003 WL 21488226 at *2 (N.D. Tex. Apr. 23, 2003); *Rhinehart v. Cockrell*, 2001 WL 1512029 at *2 (N.D. Tex. Nov. 21, 2001). The court therefore concludes that this case is time-barred and should be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 23, 2004.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE